UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARYL LOGGINS, | ) |
|        Plaintiff, | ) |
| v. | ) No. 4:21-CV-1139 RLW |
| GERARD W. HOLLINS, et al., | ) |
|        Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Daryl Loggins for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. In addition, the Court has reviewed the complaint and will dismiss it for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The Complaint**

On September 21, 2021, plaintiff initiated this action by filing a twenty-page complaint, titled "Civil Rights Complaint under 42 U.S.C. Section[] 1983." ECF No. 1. The complaint includes nine counts: Count I, Deprivation under Color of Law, 18 U.S.C. § 242; Count II, Fictitious Obligations, 18 U.S.C. § 514; Count III, Racketeering, 18 U.S.C. § 1961; Count IV, Mail Fraud, 18 U.S.C. § 1341; Count V, Breach of Fiduciary Duty; Count VI, Fraud, 18 U.S.C. § 1341; Count VII, Sherman Anti-Trust Law; Count VIII, Sale into Involuntary Servitude, 18 U.S.C. § 1584; and Count IX, Fraud, Mo. Rev. Stat. § 288.395. Plaintiff names two defendants in their official capacities: Dr. Gerard W. Hollins, Jr., the St. Louis County Director of Revenue; and Jake Zimmerman, the St. Louis County Assessor.

Plaintiff alleges the St. Louis County Department of Revenue "misclassified [his] property as residential property." Plaintiff claims his "home is being used as personal property to raise [his] kids and not used as residential property with rooms for rent for collection of income[.]" Plaintiff states he "notified the Property [A]ssessor as well as the Director of [R]evenue on September 8, 2020 in a public records request," and requested his "home [] be removed from the tax roll" and refunded the property taxes he has paid. Plaintiff states he also submitted a "board of equalization petition for exemption of real and personal property." The board of equalization held a hearing in response to plaintiff's petition and denied his request for an exemption.

Plaintiff alleges the St. Louis County Department of Revenue is denying him his "constitutional right to the enjoyment of owning property by converting [his] home into a commercial asset as a way to tax the property" when the home "is being used as personal property." Plaintiff alleges he has been unable to refinance his home because of past-due taxes, and complains it is taking him longer to pay off his mortgage principal due to the tax liabilities.

For relief, plaintiff seeks reclassification of his home to personal property, a refund for all taxes he has paid, and $1,000,000 in punitive damages.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the truth of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Discussion

After carefully reviewing the complaint and giving it the benefit of a liberal construction, the Court concludes it must be dismissed against both named defendants for lack of subject matter jurisdiction.

**A. Claims brought pursuant to 42 U.S.C. § 1983**

Plaintiff's claims arise from the alleged improper tax assessment and categorization of his house. Plaintiff asks this Court to direct the St. Louis County Department of Revenue to remove his home from the County's tax roll, reclassify his home from residential property to personal property, and refund him the tax amounts he has paid due to the misclassification of his property.

To the extent plaintiff is seeking an injunction to enjoin or restrain St. Louis County from assessing property taxes against him, this Court is unable to do so. The Tax Injunction Act, 28 U.S.C. § 1341 provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. *See also California v. Grace Brethren Church*, 457 U.S. 393, 407-08 (1982) (in addition to barring federal district courts from issuing injunctions enjoining the collection of state taxes, the Tax Injunction Act also "prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional"). The Tax Injunction Act "has been applied specifically to § 1983 suits in which the Plaintiff seeks an injunction." *Burris v. City of Little Rock*, 941 F.2d 719 (8th Cir. 1991) (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981)).

The Tax Injunction Act also "bars suits for refunds as well as anticipatory relief." *Assessment in Real Estate Ass'n, Inc. v. McNary*, 478 F. Supp 1231, 1233 (E.D. Mo. 1979) (citing *Kelley v. Springett*, 527 F.2d 1090 (9th Cir. 1975); and *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972)). In *McNary*, the Court explained:

> To allow such suits would cause disruption of the state's revenue collection systems equal to that caused by anticipatory relief. State tax collection officials could be summoned into federal court to defend their assessments against claims for refunds . . . merely on the assertion that the tax collected was willfully and maliciously discriminatory against a certain type of property. Allowance of such claims would result in this Court being a source of appellate review of all state property tax classifications.

*Id.* at 1233-34. Allowing such a result would undermine the purposes of the Tax Injunction Act so long as state law provides a "plain, speedy and efficient remedy." 28 U.S.C. § 1341.

"A state-court remedy is 'plain, speedy and efficient' only if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax." *Burris*, 941, F.2d at 718 (citing *Grace Brethren*, 457 U.S. at 411). Missouri

state law provides for an efficient remedy in the Missouri Courts under the procedures provided in the Missouri Revised Statutes, Sections 137.385 and 138.430.  Section 137.385 allows "any person aggrieved by the assessment of his property . . . [to] appeal to the county board of equalization" and Section 138.430 allows "[e]very owner of real property or tangible personal property . . . [to] have the right to appeal from the local boards of equalization to the state tax commission under rules prescribed by the state tax commission . . . concerning all questions and disputes involving the assessment against such property, the correct valuation to be placed on such property, the method or formula used in determining the valuation of such property, or the assignment of a discriminatory assessment of such property." Mo. Rev. Stat. §§ 137.385; 138.430(1).  The statute also provides that "[e]very owner of real property or tangible personal property shall have the right to appeal to the circuit court of the county in which the collector maintains his office from the decision of the local board of equalization . . . concerning all questions and disputes involving the exclusion or exemption of such property from assessment or from tax rolls pursuant to the Constitution of the United States or the constitution or laws of this state, or of the taxable situs of such property."  Mo. Rev. Stat. § 138.430(3).

Missouri law thus provides for a plain, speedy, and efficient remedy with all necessary judicial safeguards, as set out in the foregoing statutory provisions.  As a result, this case falls squarely within the purposes of the Tax Injunction Act.  Plaintiff's proper course for relief is through the State's channels, and this Court should not interfere in the legitimate interests of the State in implementing its own property tax system. Thus, plaintiff's claim brought pursuant to § 1983 as to the tax assessment of his house must be dismissed as this Court is without subject matter jurisdiction to determine whether St. Louis County appropriately assessed its property tax on plaintiff's property.

### B. Claims brought pursuant to federal criminal statutes

Counts I, II, IV, VI, and VIII of plaintiff's complaint are brought pursuant to four federal criminal law statutes: 18 U.S.C. §§ 242, 514, 1341, and 1384.

18 U.S.C. § 242 "do[es] not provide a civil cause of action or any civil remedies." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008) (per curiam).  Only the federal government has standing to enforce § 242, which is the criminal equivalent to § 1983. *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998).  See also *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Zavala v. Barnik*, 545 F.Supp.2d 1051, 1056 (C.D. Cal. 2008) ("There can be no civil liability under 18 U.S.C. § 242."); *Lovelace v. Whitney*, 684 F. Supp. 1438, 1441 (N.D. Ill. 1988) ("18 U.S.C. § 242 . . . is a criminal statute which provides no private cause of action.").

Similarly, the plain language of 18 U.S.C § 514, 18 U.S.C. § 1341, and 18 U.S.C § 1584 does not create a civil cause of action, and it is not apparent that Congress intended to create one. See *Gross v. USAA Corp.*, 2005 WL 8174895, at *1 (M.D. Tenn. Oct. 12, 2005) ("There is no language in § 514 for a private cause of action."); *Gibson v. Devos*, 2020 WL 8270522, at *2 (W.D. Mo. May 1, 2020) (18 U.S.C. § 1341 provides for imprisonment or a fine for frauds and swindles, not a private cause of action); *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1357 (6th Cir. 1996) ("18 U.S.C. § 1584 is a criminal statute enacted by Congress to enforce the Thirteenth Amendment; § 1584 does not provide for a private civil remedy.").

Further, plaintiff does not possess a legally cognizable interest in having another person arrested or charged with a crime. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court will therefore dismiss plaintiff's claims brought pursuant to 18 U.S.C. §§ 242, 514, 1341, and 1384 as legally frivolous.

### C. Claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Sherman Act

In Count III, plaintiff alleges "the department of revenue through its agents are engag[ing] in racketeering patterns and practices" in violation of RICO, 18 U.S.C. § 1961, by refusing to "exempt [his] home from taxation as household goods and personal effects." In support, plaintiff cites to Black's Law Dictionary for the definition of "personal effects." In Count VII, plaintiff further alleges the defendants have prevented him from exercising his state constitutional right to have his property exempt from the tax roll and has, therefore, fixed a price to his property in violation of the Sherman Act, 15 U.S.C. §§ 1-7, by misclassifying his property as residential.

Plaintiff's claims brought under RICO and the Sherman Act must also be dismissed for lack of subject matter jurisdiction. "As the language of the Tax Injunction Act makes clear, the bar to federal jurisdiction does not depend on the federal statute or constitutional provision that the tax law allegedly violates; rather, jurisdiction depends on whether the relief sought requires the federal court to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law[.]'" *Dillon v. Mississippi*, 376 F. App'x 421, 424 (5th Cir. 2010) (quoting 28 U.S.C. § 1341) (citing *Hibbs v. Winn*, 542 U.S. 88, 99 (2004) ("To determine whether this litigation falls within [the Tax Injunction Act's] prohibition, it is appropriate, first, to identify the relief sought.")). Declaratory and injunctive relief from the application of a local tax scheme, as well compensatory and punitive damages for past improper tax assessments, "are precisely the kinds of relief barred by the Act." *Id.*

Thus, plaintiff's RICO and Sherman Act claims concerning the administration of St. Louis County's property tax system are barred by the Tax Injunction Act and principles of comity. *See*

*e.g., Levy v. Pappas*, 2005 WL 1564970, *11 (N.D. Ill. July 1, 2005). These claims will be dismissed for lack of subject matter jurisdiction.

### D. State Law Claims for Breach of Fiduciary Duty and Fraud

In Counts V and IX, plaintiff asserts that his factual allegations also constitute state law violations for a breach of fiduciary duty and fraud. Generally, federal courts have jurisdiction to adjudicate claims based on either the existence of a federal question or complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. §§ 1331, 1332. Here, as discussed above, the Court lacks subject matter jurisdiction over the purported federal claims in this action, and the face of the complaint shows that diversity of citizenship jurisdiction does not exist.

The Court does not have original jurisdiction over plaintiff's state law claims, and it cannot exercise supplemental jurisdiction over the state law claims because it does not have original jurisdiction over this action. *See* 28 U.S.C. § 1367. As a result, The Court will dismiss plaintiff's state law claims without prejudice, for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction and for failure to state a claim or legal frivolousness.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 14th day of October, 2021.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**